## Case No. 13,521.

STRAIN et al. v. GOURDIN.

[2 Woods, 380; [1] 11 N. B. R. 156.]

Circuit Court, S. D. Georgia. Nov. Term, 1874.

APPEAL—EXCEPTIONS—WHEN TAKEN—STATEMENT OF EVIDENCE — CHECK — BANKRUPTCY — SUBSTITUTION—RATIFICATION.

1. A bill of exceptions which shows that the exceptions to the rulings of the court below were not taken at the trial, but were taken for the first time four days after the verdict and judgment, will not, as a matter of right, be considered by the court.

2. A statement made by counsel for plaintiff in error of what he understood the evidence to be, on the trial of the cause in the court below, which is not made a part of the bill of exception, and is not verified by the signature of the judge, forms no part of the record, and no matter how formally certified by the clerk, will not as a matter of right be considered by the court on error.

3. The drawing of a check and the delivery thereof to the payee, without presentation, acceptance or payment, do not transfer from the drawer to the holder of the check so much of the fund drawn on as is equal to the sum named in the check.

[Cited in Re Smith. Case No. 12,992.]
[Cited in Harrison v. Wright, 100 Ind. 524. Distinguished in National Park Bank v. Levy, 17 R. I. 750, 24 Atl. 779.]

4. Advice of counsel given to debtors in failing circumstances, that unless they paid their depositors, they would be liable to a criminal prosecution under the state laws, does not take the case out of the operation of the 35th section of the bankrupt act [of 1867 (14 Stat. 534)], and make a payment to the depositors a good one.

5. A debtor can not, without the consent of his creditor, substitute another person in his stead as the debtor.

6. The ratification by one, of the unauthorized act of another, can not have a retroactive efficacy so as to defeat the rights of third persons which have intervened between the act ratified and the ratification.

[Error to the district court of the United States for the Southern district of Georgia.]

R. E. Lester, for plaintiffs in error.
Geo. A. Mercer, for defendant in error.

WOODS, Circuit Judge. The record in this case sets out the pleadings and process, the

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

verdict, judgment and certain exceptions to the rulings of the court upon the admissibility of the evidence, and the charge of the court to the jury. The declaration alleges the appointment of R. N. Gourdin as assignee of Ketchum & Hartridge, and avers that said A. & R. Strain are indebted to him as such assignee in the sum of $2,250, because on June 1, 1873, the said Ketchum & Hartridge, being indebted to said A. & R. Strain in the amount aforesaid, and being insolvent and in contemplation of insolvency within four months of the filing of the petition in bankruptcy against them, and with a view to give a preference to said A. & R. Strain, paid over to them the said sum of $2,250, said A. & R. Strain having at the time reasonable cause to believe that said Ketchum & Hartridge were insolvent, and that said payment was made in fraud of the bankrupt act; and said A. & R. Strain received said money and appropriated it to their own use, and thereby became indebted to the plaintiff in said amount. To this declaration the defendants pleaded the general issue. The verdict and judgment were for the plaintiff in the court below for the amount claimed, and the judgment was rendered on April 25, 1874.

The bill of exceptions states that the defendants excepted to the ruling out of certain evidence offered by defendants, and to certain charges of the court, but it does not show what the evidence ruled out was, nor does it set out any of the evidence in the case by which this court can judge whether the charges given were correct or not. It also appears from the bill of exceptions that the exceptions were not taken at the trial, but on April 29, 1874, four days after the verdict and judgment. It is impossible for this court to say, upon this bill of exceptions, whether the court below fell into any error or not. We cannot say whether the evidence ruled out was properly ruled out or not, because there is no statement to show what the evidence was or for what purpose it was offered. Neither can we say whether the charge of the court was correct or not, for the facts to which it is applicable are not shown. Error is never presumed; it must be made to appear. Cliquot's Champagne, 3 Wall. [70 U. S.] 140. But it appears from the bill that the exceptions were taken four days after verdict and judgment. To be effectual, they must be taken at the trial, although the bill itself may be signed after the trial. Bradstreet v. Potter, 16 Pet. [41 U. S.] 317; Stimson v. Westchester R. Co., 3 How. [44 U. S.] 553; Pomeroy's Lesse v. Bank, 1 Wall. [68 U. S.] 592, 599, 600; French v. Edwards, 13 Wall. [80 U. S.] 506. There is, in the record, a petition for a writ of error, which purports to set out all the evidence in the case. This court can take no notice of this. It is not made a part of the bill of exceptions; it is not verified by the signature of the judge, but is simply the statement of the counsel for plaintiffs in error, of what they understood the evidence to be. This forms no part of the record, no matter how formally certified by the clerk, and this court is not bound to take notice of it. Suydam v. Williamson, 20 How. [61 U. S.] 428, 433, 437, 440; Pomeroy's Lessee v. Bank, 1 Wall. [68 U. S.] 592; Young v. Martin, 8 Wall. [75 U. S.] 354; Thompson v. Riggs, 5 Wall. [72 U. S.] 675; Reed v. Gardner, 17 Wall. [84 U. S.] 409.

Although the bill of exceptions is ineffectual to present the points to which exception was taken, I have looked into the statement of the evidence presented by counsel for the plaintiffs in error, to determine whether the court below did in fact fall into error. It appears from this statement, that A. & R. Strain, living at Darien, Georgia, had on deposit with Ketchum & Hartridge, before their bankruptcy, the sum of $2,250. Early in April, 1873, Ketchum & Hartridge became embarrassed. On April 14th, they became satisfied that they must stop payment, and on that day, took legal advice about the propriety and duty of providing for the payment of their depositors, and were advised that they would be liable to a criminal prosecution under the state laws if they failed to pay their depositors. On the 15th of April, they procured certificates of deposit in the Savannah Bank & Trust Company, for the amounts due their several depositors, among them one for the amount due A. & R. Strain and payable to their order. On the 16th of April, Ketchum & Hartridge telegraphed to A. & R. Strain as follows: "We have stopped payment; you will lose nothing; where shall we deposit your funds?" This was the first intimation that A. & R. Strain had of the failing condition of Ketchum & Hartridge. To this, on the same day, they replied: "Place the funds in the Southern Bank of Georgia." Thereupon Ketchum & Hartridge turned over the certificate of deposit to the Southern Bank of Georgia, where it was placed to the credit of A. & R. Strain. The defendants below offered in evidence four checks drawn by them on Ketchum & Hartridge, amounting, in the aggregate, to $1,312; the first dated April 2d and the last April 14th, but it was conceded that none of them had been presented or paid. These checks were ruled out by the court. On these facts and the charge of the court, as set out in the paper called the petition for writ of error, the following questions appear to have been raised. Were the checks drawn by A. & R. Strain admissible in evidence to show an appropriation pro tanto, before the failure of Ketchum & Hartridge of the funds deposited with them? In other words, does the simple drawing of a check and delivery thereof to the payee, without presentation, acceptance or payment, transfer the fund drawn on, to the amount of the check, from the drawer to the holder of the check? The authorities answer this question in the negative. Morse, Banks, 471; Mandeville v. Welch, 5 Wheat. [18 U. S.] 286. See Bank of Republic v. Millard, 10 Wall. [77 U.

S.] 157, and numerous cases there cited. These checks were offered for the purpose of reducing the amount due from Ketchum & Hartridge, at the time of their failure, to A. & R. Strain. It is clear, upon the authorities cited, they were not admissible for that purpose, and were, therefore, properly ruled out.

The next question presented is, whether the legal advice received by Ketchum & Hartridge that unless they paid their depositors, they would be liable to a criminal prosecution, would take the case out of the operation of section 25 of the bankrupt act, and make the payment to their depositors a good one. There seems to be no warrant in the language of the section for making an exception of such a payment. "It is wholly immaterial whether the preference was voluntary or involuntary, or by reason of threats or coercion. The voluntary or involuntary character of the transaction is not important." Foster v. Hackly [Case No. 4,971]; Wilson v. Brinkman [Id. 17,794]; In re Batchelder [Id. 1,098]; Giddings v. Dodd [Id. 5,405]; Sawyer v. Turpin [Id. 12,410]; Ex parte Ames [Id. 323].

The last point presented is whether the procuring by Ketchum & Hartridge, on the 15th of April, of a certificate of deposit in the Savannah Bank & Trust Company for the amount due from them to A. & R. Strain, and payable to their order, was a payment to them. The plaintiffs in error claim that it was, and as it was made before they had any reason to suspect the insolvency of Ketchum & Hartridge, that it was a good payment. I cannot coincide in this view. Ketchum & Hartridge, being the debtors of A. & R. Strain, could not, without the consent of A. & R. Strain, substitute another person in their place as the debtor. If after Ketchum & Hartridge had procured the certificate of deposit for A. & R. Strain, and before any ratification, the Savannah Bank & Trust Company had failed, A. & R. Strain could still have held Ketchum & Hartridge liable. But it is claimed that the subsequent ratification by A. & R. Strain, of what had been done by Ketchum & Hartridge in taking the certificate of deposit, relates back to the date of the certificate, and makes it a payment as of that date. And as the certificate bears date before A. & R. Strain had any notice of the insolvency of Ketchum & Hartridge, the payment is a good one. "The general rule as to the effect of a ratification by one of the unauthorized acts of another respecting the property of the former is well settled. The ratification operates upon the act ratified precisely as though authority to do the act had been previously given, except where the rights of third parties have intervened between the act and the ratification. The retroactive efficacy of the ratification is subject to this qualification. The intervening rights of third persons cannot be defeated by the ratification." Cook v. Tullis, 18 Wall. [85 U. S.] 338.

I think this case falls clearly within the qualification here laid down to the general rule. When the insolvency of Ketchum & Hartridge was brought to the notice of A. & R. Strain, on the 16th of April, the rights of other creditors instantly intervened, and they could ratify no previous payment to their prejudice. I am of opinion there is no error in the proceedings of the district court. Its judgment is therefore affirmed.